## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

In re:

TERRY HICKS and SUSANN HICKS,

Debtors.

Case No. A05-01653-DMD
Chapter 7

**Filed On
3/7/06**

## MEMORANDUM RE: RELIEF FROM STAY

The debtors filed for chapter 7 relief on October 11, 2005. Vickie Knight, Sandra Brannen and Donna Benigno are listed as creditors in the debtors' schedules, and were served with a copy of the Notice of Chapter 7 Bankruptcy, Meeting of Creditors, and Deadlines.[1] The deadline for filing complaints objecting to discharge, which was listed on this notice, was Monday, January 16, 2006, a legal holiday. When such a deadline falls on a Saturday, Sunday or legal holiday, it is automatically extended until the next business day.[2] Accordingly, the deadline for filing complaints objecting to discharge or dischargeability of a debt fell on January 17, 2006, in this case.

Knight, Brannen and Benigno filed a proof of claim on January 17, 2006. They have not filed a complaint seeking exception or objection to discharge, however. Subsequent to the deadline for filing such a complaint, they filed a motion for relief from stay, on February 6, 2006. On March 2, 2006, they filed a motion to correct or amend the title of their

---

[1] *See* BNC Certificate of Mailing, filed Oct. 16, 2005 (Docket No. 9).

[2] *Leisure Dev., Inc., v. Burns (In re Burns)*, 102 B.R. 750, 752 (B.A.P. 9th Cir. 1989).

motion for relief from stay, asking that it be treated as an adversary complaint.  They also filed a motion for extension of time to file adversary complaint.

At the hearing, Knight argued that the proof of claim filed on January 17, 2006, should be construed as  a timely complaint for exception or objection to discharge.  I can find no authority to support this novel proposition.  Fed. R. Bank. P. 4004(a) and 4007(c) require that a complaint be filed to determine an objection or exception to discharge.

In a similar case, the Ninth Circuit found that a motion for relief from stay was not a valid nondischargeability complaint.[3]  The proof of claim submitted by Knight here is even more of a "bare bones" pleading than a motion for relief from stay.  The claim does mention "criminal activities" and indicates that a court judgment is pending.  It references "documents attached," but none were provided with the claim.  The one-page claim form filed by Knight, Brannen and Benigno contains no information which would have given the debtors notice that these creditors intended to pursue an objection to discharge or dischargeability.  It can't be considered an "informal complaint."

Knight, Brannen and Benigno have failed to comply with the requirements of the Bankruptcy Code and Rules for seeking exception or objection to discharge.  They received notice of the deadline for filing a nondischargeability complaint, but failed to file an adversary complaint by that deadline.  Their proof of claim can't be treated as a nondischargeability complaint.  Their motion for relief from stay was filed after the deadline

---

[3]*Allred v. Kennerley (In re Kennerley)*, 995 F.2d 145, 146-47 (9th Cir. 1993).

for filing a complaint for exception or objection to discharge.  Nor can the court grant their

belated request to extend this deadline.  A request for an extension of time to file a

nondischargeability complaint must be made *before* the initial deadline expires.[4]  The

bankruptcy court can't grant an extension if the request is made after the deadline has run.[5]

      For the foregoing reasons, the motion for relief from stay filed by Knight,

Brannen and Benigno will be denied, as will the motion to correct/amend title of the motion

for relief from stay and the motion to extend time to file creditors' complaint.  An order will

be entered accordingly.

      DATED: March 7, 2006

              BY THE COURT

              /s/ Donald MacDonald IV
              DONALD MacDONALD IV
              United States Bankruptcy Judge

Serve:  Jane Pettigrew, Esq. (for debtors)
      Vickie Knight, Pro Se Creditor, at 5305 E. Larkspur Drive, Scottsdale, AZ  85254
      Donna Benigno, Pro Se Creditor, at 14440 S. 24th Pl., Phoenix, AZ  85044
      Sandra Brannen, Pro Se Creditor, at 8471 E. McDonald Drive, Scottsdale, AZ  85250-6335
      Ken Battley, Trustee
      U. S. Trustee

      03/07/06

---

[4]Fed. R. Bankr. P. 4004(b), 4007(c).

[5]Fed. R. Bankr. P. 9006(b)(3).

3